**Fill in this information to identify your case:**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

Debtor 1   Wayne Allen Powell
           First Name   Middle Name   Last Name

Debtor 2   Jennifer Denise Harper
(filing spouse)   First Name   Middle Name   Last Name

Case Number:   23-40542-BTR

**TXEB Local Form 3015-b**

# ORDER CONFIRMING CHAPTER 13 PLAN

..........................................................................................................................................................................................................Adopted: Dec 2017

Upon completion of a hearing upon proper notice to consider the confirmation of the Chapter 13 Plan proposed by the Debtor1 (the "Plan"), wherein the Court has determined that all of the requisite requirements for confirmation pursuant to §1325 have been fulfilled by the Debtor, and that all objections to plan confirmation have been overruled or resolved by agreement, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED:**

1. The Debtor's Plan filed on   8/15/2023   [**dkt #49**]   , as amended by this order, is **CONFIRM**

2. The Debtor shall pay:

☒ **Constant Payments:**   $5,375.00   per month for   60   months,

☐ **Variable Payments:**   months pursuant to the schedule set forth in **Exhibit A** to this order,
for

together with those portions of any tax refunds required to be tendered under § 2.4 of the Plan, to:

**Carey D. Ebert, Chapter 13 Trustee**
**P. O. Box 628**
**Tyler, TX 75710**

beginning   4/27/2023   and continuing until all of the allowed claims provided for by the Plan have been paid in accordance with the provisions of the Plan, this Order, or any subsequent order of the Court.

3. Excepting adequate protection payments authorized to be paid by LBR 3015(c), and only to the extent funds are available, the Trustee shall make disbursements on a monthly basis to the holders of allowed claims as set forth in the terms of the Plan and as modified by this Order; provided, however, that the Trustee shall not be required to pay any dividend to any claimant in an amount less than $15.00 and any dividends deferred under this provision shall be paid when the accumulation of payments due to such claimant shall exceed the sum of $15.00. Upon the filing of any plan modification motion, however, the Trustee is authorized to suspend disbursements to the holders of allowed claims pending the resolution of that motion in order to determine the effect of the modification upon future disbursements.

1 The use of the singular term "Debtor" in this Order includes both debtors when the case has been initiated by the filing of a joint petition by spouses.
2 All statutory references contained in this Order refer to the Bankruptcy Code, located in Title 11, United States Code.

4. Pursuant to LBR 3015(f)(1), the Plan is amended through this Order without the necessity of further disclosure to creditors in the following manner:

3.9 Lien Avoidance.

None.

4.6 Priority Claims.

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| IRS CIO | $10,639.52 | Pro-Rata |
| Texas Workforce Commission | $197.35 | Pro-Rata |
| Texas Comptroller | $16,874.56 | Pro-Rata |

5.2 Unsecured Claims.

5.2 of the Plan regarding the treatment of General Unsecured Claims is MODIFIED in the following respects:

Allowed nonpriority unsecured general claims shall compromise a single class of creditors and will be paid.

100% + No interest.
100% + Interest at 0% pursuant to 11 USC 1325(a)(4), resolving the Trustee's objections regarding the best interest of creditors.

100% to unsecured creditors pursuant to 1325(b) (1) (A), resolving the Trustee's objection that:
The Debtor is not paying all current disposable income.


5.3 Liquidation Analysis: Unsecured Claims Under Parts 4 and 5.

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately $298,304.35.   Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

[3]The inclusion of any plan amendment that requires notification under §§ 1.1 – 1.4 of the Chapter 13 Plan may not accomplished through this confirmation order

IT IS SO ORDERED.

Signed on 10/6/2023

*Brenda T. Rhoades* ST
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**APPROVED AS TO FORM AND SUBSTANCE:**

**x /s/ Carey D. Ebert**        Date
   **Carey D. Ebert, Chapter 13 Trustee**

**x /s/ Mark S. Rubin, Stacey D'Lizarraga**        Date
   **Mark S. Rubin, Attorney for Debtor**
   **Stacey D'Lizarraga, Attorney for Debtor**